964 A.2d 299

IN THE MATTER OF KEVIN J. CARLIN, AN ATTORNEY AT LAW (ATTORNEY NO. 004231985).

February 11, 2009.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 08–134, concluding that **KEVIN J. CARLIN** of **HAMILTON**, who was admitted to the bar of this State in 1985, should be suspended from the practice of law for a period of three months for violating *RPC* 1.15(b) (failure to promptly deliver funds to client), *RPC* 1.16(d) (failure to refund unearned fee on termination of representation), and *RPC* 8.4(a) (violation or attempting to violate the *Rules of Professional Conduct*);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to submit proof of his fitness to practice, and that following restatement, respondent should practice law under supervision for a period of two years;

And good cause appearing;

It is ORDERED that **KEVIN J. CARLIN** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective March 12, 2009; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that following respondent's reinstatement to practice, he shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.